**JIM SOWELL CONSTRUCTION CO., INC., et al., Plaintiffs,**

v.

**THE CITY OF COPPELL, TEXAS, et al., Defendants.**

No. CIV.A.3:96–CV–0666–D.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 1, 1998.

Stuart M. Reynolds, Jerry Hicks, Steven A. Siegel, Winstead, Sechrest & Minick, P.C., Dallas, TX, for Plaintiffs.

Darrell G-M Noga, William F. Allred, Kevin E. Oliver, Matthew R. Scott, Cooper & Scully, P.C., Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

In this land use lawsuit in which a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and pendent state-law claims remain, plaintiffs and defendants move for summary judgment. For the reasons that follow, the court grants in part and denies in part defendants' April 1, 1998 motion for partial summary judgment, grants defendants' April 21, 1998 cross-motions for summary judgment, and denies plaintiffs' April 1, 1998 motions for partial summary judgment.[1]

### I

The pertinent background facts are set out in the court's October 15, 1997 memorandum opinion and order and need not be repeated at length. Briefly summarized, plaintiffs sue the City of Coppell, Texas (the "City") and various city officials on several claims arising from the denial of a permit to build 164 multifamily units on part of a 188-acre parcel of land known as the Village at Cottonwood Creek. They maintain that the City denied the application as part of a strategy to prevent the development of low income housing in Coppell to exclude racial minorities from residing there. According to plaintiffs, the City accomplished this in part by adopting in 1992 a master plan update that dictated that undeveloped parcels of land zoned for multifamily development be rezoned.

As a result of the court's prior rulings, the following claims remain: (1) count I, FHA; (2) count VI, statutory vested rights, based on Tex. Gov't Code Ann. § 481.141 *et seq., repealed by* Act of June 1, 1997, 75th Leg., ch. 1041, § 51(b), 1997 Tex. Gen. Laws 3966, eff. Sept. 1, 1997; (3) count VII, Texas common law equitable estoppel/vested rights; (4) count VIII, taking of property without just compensation, in violation of Tex. Const. Ann. art. I, § 17 (West 1997); and (5) count IX, arbitrary and capricious regulation of private property, in violation of Tex. Const. Ann. art. I, § 19 (West 1997).

### II

The individual defendants contend they are entitled to absolute legislative immunity from liability under the FHA. They will have the burden of establishing legislative immunity at trial because it is an affirmative defense. In order for the party with the burden of proof at trial to obtain summary judgment, it must establish "beyond peradventure all of the essential elements of the ... defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). Because the individual defendants have not met this burden by establishing that they were at all pertinent times acting in a manner protected by absolute legislative immunity, the court denies their motion on this ground and declines to dismiss plaintiffs' FHA claim against them.

### III

Defendants move for summary judgment on count IX of plaintiffs' first amended complaint, their state substantive due process claim.

---

1. Plaintiffs have also filed a May 6, 1998      motion to strike, which the court also denies.

In a February 11, 1998 order, the court dismissed plaintiffs' federal substantive due process claim after raising the issue *sua sponte* in its October 15, 1997 memorandum opinion. Feb. 11, 1998 Order at 1. Defendants contend *inter alia* that the court's prior ruling is dispositive of plaintiffs' state substantive due process claim. The court agrees.

■ In *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922 (Tex.), *pet. for cert. filed,* 67 U.S.L.W. 3149 (U.S. Aug. 6, 1998) (No. 98–249), the Texas Supreme Court analyzed a state substantive due process clause challenge under federal standards. *Id.* at 932, 938–39. The court held that "a generally applicable zoning ordinance will survive a substantive due process challenge if it is designed to accomplish an objective within the government's police power and if a rational relationship exists between the ordinance and its purpose." *Id.* at 938. The court holds that the City's zoning change satisfies the rational basis test applied under Texas state law. The court therefore grants defendants' motion and dismisses count IX of plaintiffs' first amended complaint.

### IV

■ Plaintiffs assert in count VI of their first amended complaint a right to recover based on statutorily vested rights conferred by Tex. Gov't Code Ann. § 481.141 *et seq., repealed by* Act of June 1, 1997, 75th Leg., ch. 1041, § 51(b), 1997 Tex. Gen. Laws 3966, eff. Sept. 1, 1997. Plaintiffs and defendants both move for summary judgment on this claim. Because the court no longer has subject matter jurisdiction over count VI by virtue of the repeal of § 481.141 *et seq.,* the court denies each of the motions as moot and dismisses the claim without prejudice for lack of subject matter jurisdiction. *See Quick v. City of Austin,* 7 S.W.3d 109, 126–127 (Tex.1998) (holding that court did not have subject matter jurisdiction over claim

based on repealed § 481.143, and noting that final relief could not be granted if not granted before repeal went into effect).[2]

### V

In count VII of their first amended complaint, plaintiffs allege that they are entitled to recover on a theory of Texas common law equitable estoppel/vested rights. They maintain that they had a vested right based on principles of Texas common law vested rights and equitable estoppel to complete the development of the Village at Cottonwood Creek with multifamily uses.

■ "[P]roperty owners do not acquire a constitutionally protected vested right in property uses once commenced or in zoning classifications once made." *City of University Park v. Benners,* 485 S.W.2d 773, 778 (Tex.1972). In exceptional cases, Texas courts hold that "a municipality, even in exercise of a governmental function, may be subjected to the same rules of equitable estoppel as are individuals where right and justice require it." *City of Dallas v. Rosenthal,* 239 S.W.2d 636, 645 (Tex. Civ.App.1951, writ ref'd n.r.e.); *see also City of Hutchins v. Prasifka,* 450 S.W.2d 829, 836 (Tex.1970) (holding that case did not warrant estoppel because it was not exceptional). In these exceptional, unusual cases, Texas courts will balance the equities to estop a municipality from enforcing a zoning ordinance against a property owner. *See J.R. Marriott v. City of Dallas,* 635 S.W.2d 561, 564 (Tex.App. 1982) (noting that "under the facts shown, *Rosenthal* more squarely bottoms its ruling upon the premise that the city, seeking equity, must show it had done equity."), *aff'd,* 644 S.W.2d 469 (Tex.1983).

■ Plaintiffs' attempt to use estoppel principles to create a vested property right is misplaced. Plaintiffs are not trying to estop the City from doing anything at this juncture. Coppell has already put the zon-

---

**2.** In an August 21, 1998 letter to the court, plaintiffs point out that a motion for rehearing is pending in *Quick.* If the Texas Supreme Court revises *Quick,* the instant deci-

sion will also be subject to revision. Unless and until that occurs, the court is following *Quick,* as decided on May 8, 1998.

ing change into effect and has denied the requested building permit. Plaintiffs are attempting to establish, by estoppel principles, that they had a vested property interest in developing their project as approved by the City. By doing so, they seek to recover compensation under a state takings theory. The court rejects this approach as contrary to Texas law, which neither confers vested rights of the type for which plaintiffs argue nor applies estoppel except in unique and distinguishable circumstances. Moreover, the court thinks it highly doubtful that Texas would abrogate *sub silentio* the sovereign immunity of municipalities, and subject their purses to potentially significant awards of just compensation, based on the thin and unpredictable predicate of equitably crafted vested rights. Plaintiffs have cited several cases in their briefing, but none supports the theory on which they rely.

Accordingly, the court grants summary judgment dismissing count VII.

## VI

Defendants move for summary judgment dismissing count VIII of plaintiffs' first amended complaint—their state taking claim.

In the court's October 15, 1997 memorandum opinion, it granted summary judgment dismissing plaintiffs' federal Takings Clause claim. Oct. 15, 1997 Mem. Op. at 6–8. Defendants assert that because Texas takings law parallels federal law, the court should also grant summary judgment on the state takings claim. In light of *Mayhew*, the court agrees that its dismissal of plaintiffs' federal Takings Clause claim justifies dismissing plaintiffs' state takings cause of action.[3]

Plaintiffs assert *inter alia* that their state takings claim is based in part on whether they had a common law vested property interest that the City destroyed, thus constituting a taking. Because the

court has held above that plaintiffs do not have such an interest, this argument presents no impediment to granting summary judgment. Count VIII of plaintiffs' first amended complaint is dismissed.

\* \* \* \* \* \*

The court grants in part and denies in part defendants' April 1, 1998 motion for partial summary judgment, grants defendants' April 21, 1998 cross-motions for summary judgment, and denies plaintiffs' April 1, 1998 motions for partial summary judgment. Accordingly, plaintiffs' FHA claim, count I, remains for trial. All other counts are dismissed.

**SO ORDERED.**

---

**3.** Plaintiffs contend that the court's prior opinion did not address whether the "total destruction of Plaintiffs' 'vested rights' under the Vested Rights Statute constituted a taking." Ps. Resp. to Ds.2d Supp. Mot. Partial Sum. J. at 22. In view of the repeal of § 481.141 *et seq.,* the court rejects plaintiffs' reliance on this argument.